IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | Civil Action No.  MDL 875 |
| Prust v. Weyerhaeuser Company, et al. | E.D. PA 13-CV-60021<br>*Trans. from W.D. WI 3:13-cv-654* |

**Plaintiff's Motion to Reconsider the Court's February 27, 2014 Dismissal Order**

Plaintiff moves the court to reconsider its ruling of February 27, 2014 dismissing this case. (Ex. 1.) The court's dismissal was based on an error of fact. The basis of the court's ruling was the plaintiff had not refiled the case, but plaintiff had in fact refiled the case on February 21, 2014, in the Western District of Wisconsin, where the action had originally been filed.

Background

Plaintiff's complaint in this case was originally filed on September 17, 2013 in the Western District of Wisconsin. (Ex 8.) On November 15, 2013, Owens-Illinois moved to dismiss this case for failure to state a claim upon which relief can be granted. (Ex 2.) Plaintiff responded on December 30, 2013. (Ex 3.) The court ruled that plaintiff's pleadings needed to be amended, granting Owens-Illinois's motion to dismiss on February 11, 2014, and dismissing the case without prejudice, with leave to refile. (Ex 4.) Plaintiff timely refiled an amended complaint in the Western District of Wisconsin, where the case had been originally filed, on February 21, 2014. (Ex 5.) On February 27, 2014, the MDL court dismissed and closed the case under the assumption that the case had not been refiled. (Ex 1.)

<u>Standard for Reconsideration</u>

As stated by the Third Circuit:

A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court . . . [issued it previous decision]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F. S3d 669, 677 (3d Cir. 1999); see also *North River Ins. Co. V. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir 1995).

*Glapa et. al v. Crane Co.*, Case 2:11-cv-63505-ER, document 84, filed 11/20/12.  Plaintiff brings this motion to correct a clear error of fact regarding the dismissal of this case.

<u>Argument</u>

The court's February 27, 2014 dismissal order states, "Plaintiff's complaint was dismissed with leave to refile by February 21, 2014. Plaintiff has failed to file an amended complaint. Accordingly, the case shall be marked closed."  (Ex 1.)  The order therefore rests on an error of fact.  Plaintiff did file an amended complaint.  (Ex 5.)  The court's original order dismissing the case with leave to refile did not state where the amended complaint should be filed.  (Ex 4.) Once the case was dismissed without prejudice, plaintiff assumed that any refiling should occur in the court in which the original complaint was filed.  Plaintiff therefore filed the amended complaint in the Western District of Wisconsin.

Plaintiff acted under the assumption that the MDL court was no longer to be involved in this case.  On January 29, 2014, Judge Robreno suggested to the MDL panel that no further cases be transferred to the MDL.  (Ex 6.)  On February 19, 2014, the MDL panel endorsed Judge

Robreno's suggestion and ordered that no more cases be transferred to the MDL. (Ex 7.) When plaintiff refiled the case on February 21, 2014, plaintiff assumed the MDL court would no longer be involved with the case, as it would not be transferred.

## Conclusion

For the reasons stated above, the court should reconsider and vacate the order entered on February 27, 2014.

Dated: March 13, 2014

*/s/ Michael Cascino*
Attorney for plaintiff

Michael Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607
(312) 944-0600
(312) 944-1870 (fax)