IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS : Consolidated Under
LIABILITY LITIGATION (No. VI) : MDL DOCKET NO. 875

PRUST

v.

VARIOUS DEFENDANTS : Case No. 13-60021

FILED FEB 11 2014 MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk

## O R D E R

**AND NOW**, this **10th** day of **February, 2014**, it is hereby **ORDERED** that Defendant Owens-Illinois, Inc.'s Motion to Dismiss Plaintiff's Complaint (ECF No. 11) is **GRANTED in part.**[1] It is

---

[1] Defendant Owens-Illinois, Inc. moves to dismiss Plaintiff's complaint because her claims are allegedly barred by Wisconsin's statute of limitations.

Plaintiff Virginia Prust ("Mrs. Prust") filed her complaint on September 17, 2013 in the Western District of Wisconsin alleging causes of action for wrongful death (Wis. Stat. § 895.03 and § 895.04) and personal injury under Wisconsin's survival statute (Wis. Stat. § 895.01). Plaintiff's claims derive from her husband's diagnosis of lung cancer on January 5, 2010. See Pl.'s Compl. at ¶¶ 16-19. Plaintiff asserts that Mr. Prust's lung cancer was caused by his exposure to asbestos. Id. Mr. Prust passed away on May 17, 2013. Id.

### I. Legal Standard

#### A. The Applicable Law

1. Procedural Matters (Federal Law)

In multidistrict litigation, "on matters of procedure, the transferee court must apply federal law as interpreted by the court of the district where the transferee court sits." Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009) (Robreno, J.). Therefore, in addressing the procedural matters herein, the Court will apply federal law as interpreted by the Third Circuit Court of Appeals.



Id.

        2.    Substantive Matters (State Law)

In a case based on diversity of citizenship, the statute of limitations and the discovery rule are to be decided under the applicable state law. Guaranty Trust Co. v. York, 326 U.S. 99, 108 (1945); see also Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 407 (2010). The parties agree that Wisconsin substantive law applies in this case. Therefore, this Court will apply Wisconsin law in deciding Defendant's motion. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

    B.    Statute of Limitations

The Supreme Court of Wisconsin has adopted the "discovery rule" for personal injury tort actions. Hansen v. A.H. Robins, Inc., 335 N.W.2d 578, 560 (Wis. 1983). The court has explained that "a cause of action does not accrue until the nature of the injury *and* the cause - or at least a relationship between the event and the injury - is or ought to have been known to the claimant." Borello v. U.S. Oil Co., 388 N.W.2d 140, 144 (Wis. 1986).

In Borello, a plaintiff was experiencing respiratory problems and headaches. Id. at 141. The plaintiff attributed her symptoms to a furnace that was giving off an odor and was expelling red dust. Id. The plaintiff consulted with four different physicians over the course of two years. Id. at 142. Each told her that they could not, with any degree of certainty, attribute her illness to the furnace. Id. After two years, an occupational medical specialist concluded that her illness was a result of metal fume fever caused by the furnace. Id. The plaintiff subsequently filed a complaint. Id. The court held that "[a] person who has used reasonable diligence to secure medical advice should be given the protection of one who is 'blamelessly ignorant' even though a prior hunch later proved to be correct." Id. at 147. Accordingly, the court held that "discovery" did not occur, and the cause of action did not accrue, until the link between the furnace and her illness was confirmed by the medical specialist. Id.

## II.   Defendant's Motion to Dismiss

    A.    Defendant's Arguments

Defendant asserts that Plaintiff's survival claim expired on January 5, 2013 because Wisconsin law requires that an action to recover damages for personal injuries must be brought within three years of the accrual of the claim. See Wis. Stat. § 893.54. Defendant further asserts that Plaintiff's wrongful death claim is precluded because it is derivative of her survival claim. Defendant alleges that Plaintiff cannot state a wrongful death cause of action because Mr. Prust could not recover for his personal injuries at the time of his death.

### B. Plaintiff's Arguments

Plaintiff asserts that her claims are not barred by the statute of limitations because discovery did not occur on January 5, 2010. Plaintiff alleges that Mr. Prust was told he had lung cancer by Dr. M. Qaseem Khan on January 8, 2010 in an appointment where he was accompanied by Mrs. Prust and his daughter Lorie Adler. See Pl.'s Ex. 2. At that appointment, Plaintiff alleges that she asked Dr. Khan whether Mr. Prust's lung cancer was caused by asbestos. Id. Plaintiff alleges that Dr. Khan stated that "[Decedent's] type of lung cancer was not caused by asbestos." Id.

## III. Analysis

Defendant asserts that Plaintiff's claims are time-barred by Wisconsin's statute of limitations because discovery occurred on January 5, 2010 when Mr. Prust was diagnosed with lung cancer. Plaintiff asserts that her claims did not accrue on January 5, 2010 because Dr. Khan did not confirm that Mr. Prust's lung cancer was caused by asbestos.

The Wisconsin Supreme Court has made it clear that a personal injury action does not accrue until the plaintiff discovers that the injury was caused by the defendant's conduct or product. Borello, 388 N.W.2d at 144. The specific point in time when the plaintiff knows or should have known of the presence and cause of the disease ordinarily is an issue of fact. It is not apparent from the face of Plaintiff's complaint when Mr. Prust discovered the cause of his lung cancer. Plaintiff's complaint avers that Mr. Prust was diagnosed with lung cancer on January 5, 2010. However, the date of diagnosis and the date linking Decedent's injury to Defendant's conduct may be different. See Borello, 388 N.W.2d at 144.

To survive a 12(b)(6) motion to dismiss, "[f]actual

further **ORDERED** that Plaintiff's complaint is **DISMISSED without prejudice**, with leave to refile **by February 21, 2014** in light of this order.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBRENO, J.

---

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). The Court of Appeals for the Third Circuit has made clear that after Ashcroft v. Iqbal, 556 US 662, 688 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Iqbal, 556 US at 678).

The Court notes that it will not consider matters outside the pleadings in deciding Defendant's motion to dismiss. See Fed. R. Civ. P. 12(d). Accordingly, the affidavit submitted by Plaintiff will not be considered by the Court. By omitting from the complaint the date, or approximate date if no specific date is ascertainable, at which Decedent knew or should have known that his lung cancer was caused by asbestos, Plaintiff has failed to set out sufficient factual matter to support her claims. See Fowler, 578 F.3d at 210; Borello, 388 N.W.2d at 144. Defendant is entitled to notice of this date, or approximate date, in order to adequately defend against Plaintiff's allegations. Accordingly, Plaintiff's complaint must be dismissed. Fowler, 578 F.3d at 210. However, the liberal approach to pleading embodied by Federal Rule of Civil Procedure 15 provides that "an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim." Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006). Therefore, the Court will permit Plaintiff leave to refile her complaint in light of this Court's decision.